1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10
11   ALEXANDER MARSHALL,                    No. C 12-0977 YGR (PR)
     aka ALEXANDER BAILEY
12                                          **ORDER DISMISSING COMPLAINT**
              Plaintiff,                    **WITH LEAVE TO AMEND**
13
          v.
14
     CALIFORNIA SUPREME COURT,
15   U.S. ATTORNEY, U.S. MARSHALS
     OFFICE,
16
              Defendants.
17
     _____/
18
19                           **INTRODUCTION**
20        This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state
21   prisoner.  The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).
22                            **DISCUSSION**
23   **A.**    **Standard of Review**
24        A federal court must conduct a preliminary screening in any case in which a prisoner
25   seeks redress from a governmental entity or officer or employee of a governmental entity.
26   *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and
27   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may
28

United States District Court
For the Northern District of California

1  be granted or seek monetary relief from a defendant who is immune from such relief.  *See id*.

2  § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica*

3  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4      A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

5  to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

6  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

7  plausibility when the plaintiff pleads factual content that allows the court to draw the

8  reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting

9  *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions

10  cast in the form of factual allegations if those conclusions cannot reasonably be drawn from

11  the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

12  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

13  (1) that a right secured by the Constitution or laws of the United States was violated, and

14  (2) that the alleged violation was committed by a person acting under the color of state law.

15  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

16  **B.    Legal Claims**

17      Plaintiff's complaint is difficult to read and often incoherent, and does not contain

18  sufficient factual matter to state a claim that is plausible on its face.  In it, he alleges that

19  defendants are denying him access to his sealed juvenile records, a deprivation that prevents

20  him from accessing his "endowment."  Plaintiff fails to provide sufficient details regarding

21  the nature of this endowment, and why he has rights to it.  He also fails to provide sufficient

22  details (times, dates, persons involved) regarding his attempts to access his records, and

23  whether and or to what extent he has exhausted whatever administrative procedures are

24  available.

25      Accordingly, the complaint is DISMISSED with leave to amend.  Plaintiff shall file an

26  amended complaint addressing the deficiencies detailed above within 30 days from the date

27  this order is filed.  The first amended complaint must include the caption and civil case

28

number used in this order (12-0977 YGR (PR)) and the words FIRST AMENDED

COMPLAINT on the first page.  Because an amended complaint completely replaces the

previous complaints, plaintiff must include in his first amended complaint *all* the claims he

wishes to present and *all* of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963

F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may *not* incorporate material from the prior

complaint by reference.  Failure to file an amended complaint in accordance with this order

will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

informed of any change of address by filing a separate paper with the clerk headed "Notice

of Change of Address."  He must comply with the Court's orders in a timely fashion or ask

for an extension of time to do so.  Failure to comply may result in the dismissal of this action

pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED:  October 25, 2012

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
For the Northern District of California